UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re JPMORGAN CHASE & CO.,        :    Case No. 18 - MC - _____

             *Movant*.    :

-----------------------------------------------x

AGNES XIE,                    :

             Plaintiff,   :    **Pending in the UNITED STATES**

                    :    **DISTRICT COURT FOR THE**

   - against -          :    **DISTRICT OF THE DISTRICT of**

                    :    **COLUMBIA**

                    :    CIV. Action No. 1:15-cv-02020 (CRC)

SKLOVER & COMPANY, LLC, *et al.*,   :

             Defendants.  :

-----------------------------------------------x

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY JPMORGAN CHASE & CO. TO QUASH SUBPOENA

---

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 1

      I.     The Parties ........................................................................................................ 1

      II.    The Subpoena And Issuing Jurisdiction ...................................................... 2

LEGAL ARGUMENT ...................................................................................................... 3

      I.     The Subpoena Should Be Quashed ............................................................... 3

           A.  The Relevancy Of The Requested Documents Eludes Careful
                Analysis ...................................................................................................... 3

           B.  The Subpoena Impermissibly Requires Disclosure Of Confidential,
                HIPAA Protected, And Privileged Documents And Information .......... 4

           C.  The Subpoena Is Unduly Burdensome ................................................. 6

      II.    Any Documents That Xie Turns Over Should Be Subject To An
           Appropriate Protective Order ....................................................................... 7

CONCLUSION ................................................................................................................. 8

Firm:46375607v2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Coleman v. District of Columbia*,
   275 F.R.D. 33 (D.D.C. 2011) ...................................................................... 3

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................... 3, 6

*Dial Corp. v. News Corp.*,
   2015 U.S. Dist. LEXIS 79608 (S.D.N.Y. May 19, 2015) ............................... 3

*Food Lion v. United Food & Commercial Workers Union*,
   103 F.3d 1007 (D.C. Cir. 1997) .................................................................... 4

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
   333 F.3d 38 (1st Cir. 2003)............................................................................ 4

*In re England*,
   375 F.3d 1169 (D.C. Cir. 2004) .................................................................... 5

*Jacobsen v. Oliver*,
   451 F. Supp. 2d 181 (D.D.C. 2006) .............................................................. 4

*N.C. Right to Life, Inc. v. Leake*,
   231 F.R.D. 49 (D.D.C. 2005) ....................................................................... 6

*Northrop Corp. v. McDonnell Douglas Corp.*,
   751 F.2d 395 (D.C. Cir. 1984) ...................................................................... 6

*Porter v. Pinkerton Gov't Servs.*,
   304 F.R.D. 24 (D.D.C. 2014) ....................................................................... 5

*Sourgoutsis v. United States Capitol Police*,
   323 F.R.D. 100 (D.D.C. 2017).......................................................................7

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011) ..................................................................... 5

*Univ. of Mass. v. Roslin Inst.*,
   437 F. Supp. 2d 57 (D.D.C. 2006) ................................................................ 7

*Watts v. S.E.C.*,
   482 F.3d 501 (D.C. Cir. 2007) ..................................................................... 4

ii

*Wultz v. Bank of China Ltd.,*
    32 F. Supp. 3d 486 (S.D.N.Y. 2014) ............................................................................ 7

**Statutes**

Health Insurance Portability and Accountability Act.............................................................1

**Other Authorities**

Fed.R.Civ.P. Rule 26 ........................................................................................ 1, 3, 4, 7

Fed. R. Civ. P. Rule 45 ..................................................................................... 1, 4, 5, 6, 7

Firm:46375607v2

## PRELIMINARY STATEMENT

Non-party, JPMorgan Chase & Co. (hereinafter "JPMC"), by and through its attorneys, Epstein Becker & Green, P.C., hereby respectfully requests that this Court, pursuant to Rule 45 of the Federal Rule of Civil Procedure, quash the subpoena *duces tecum* served upon JPMC.

Simply stated, the issuing party seeks documents and information from JPMC (a non-party to this action) that are already in Plaintiff's possession (and could be obtained from her), are not relevant, are confidential and subject to a protective order, are protected from disclosure under the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"), and are privileged. Rules 26 and 45 mandate that this Court quash this subpoena.

## FACTUAL BACKGROUND

### I.  The Parties

In the United States District Court for the District of Columbia, Plaintiff, Agnes Xie ("Xie") sued her former counsel, Sklover & Company, LLC ("Sklover"), (the "DDC Action"), contending that Sklover failed in its representation of her against a former employer, Fannie Mae, for which Xie worked **before** she was ever employed by JPMC. *See* Pope Decl., Ex. A (Third Am. Cmplt. in DDC Action). JPMC is not a party to the DDC Action, nor was it a party in Xie's action against Fannie Mae.

Xie, however, is a litigious sort. In an action currently pending in this forum, Xie filed a complaint seeking short-term disability benefits from a JPMC benefit plan, *Agnes Xiaohong Xie v. J.P.Morgan Chase Short-Term Disability Plan, et al.*, Case No. 15-cv-4546-LGS-KHP (the "STD Action"). Also in this District, Xie filed, and settled, a case seeking long-term disability benefits, *Agnes Xie v. The Prudential Ins. Co. of Am.*, Case

No. 17-cv-2491-JPO.  In yet another forum, Xie pursues claims in arbitration against JPMC regarding the termination of her brief employment at JPMC, *Agnes Xie v. JPMorgan Chase & Co.*, AAA Case No. 01-15-0003-7718 (the "Arbitration").  All of those proceedings have involved some amount of discovery, with documents turned over to Xie or her counsel.  (She acts *pro se* in the STD Action, but has counsel in the Arbitration.)

## II.   The Subpoena And Issuing Jurisdiction

By subpoena, dated May 21, 2018, and issued out of the United States District Court for the District of Columbia, counsel for Defendant Sklover seeks from JPMC **all files relating to** Xie, including, but not limited to, employment records, medical records, correspondence, ESI, and the complete Arbitration file, among other documents. *See* Pope Decl., Ex. B (Defendant's Non-Party Subpoena).  Xie possesses many, if not all, of these documents as a result of discovery in the STD Action and the Arbitration.  The relevance of her documents to the DDC Action seems questionable, but that question should be answered in motion practice between Xie and Sklover, since she possesses the documents to turn over, if so ordered.

Any documents requested beyond that which has been produced in discovery to Xie in the STD Action and the Arbitration, are irrelevant, confidential, protected, and/or privileged. For these reasons, on June 6, 2018, JPMC objected to the subpoena in its entirety, and requested that Defendant's counsel withdraw the subpoena. *See* Pope Decl., Ex. C (Letter of June 6, 2018, from JPMC to Defendant's Counsel.)  As of the date of this Motion, counsel for Defendant has not withdrawn its subpoena directed to JPMC.  On

June 9, 2018, Plaintiff Xie filed a *pro se* Motion to Quash the subpoena directed to JPMC.[1]
*See* Pope Decl., Ex. D (Xie's Motion to Quash).  Xie's purported motion does not appear
on any docket in this Court.

## LEGAL ARGUMENT

### I.  THE SUBPOENA SHOULD BE QUASHED

Defendant's attempt to extract discovery from a non-party by issuing a subpoena,
seeking documents and information already in Plaintiff's possession, conflicts with basic
precepts of non-party discovery.  The imposition of this unnecessary burden should be
rejected. Additionally, the documents and information sought seek the disclosure of
confidential, HIPAA-protected, and privileged information, in addition to entirely
irrelevant materials, and further subjects JPMC to an undue burden as the requests are
overly broad and would require a non-party to expend significant time and resources to
produce documents and information that can easily be obtained from a party to the
action, namely, the Plaintiff.  Therefore, the subpoena should be quashed.

### A. The Relevancy Of The Requested Documents Eludes Careful Analysis

A Rule 45 subpoena "provides a corresponding level of protection for the persons
subject to subpoena" as outlined Fed. R. Civ. P. 26(b)(1), explaining the proper scope of
discovery.  *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)
(granting the non-party witness' motion to quash based on facial overbreadth of
subpoena); *see also Dial Corp. v. News Corp.*, 2015 U.S. Dist. LEXIS 79608, *8 (S.D.N.Y.

---

[1]      Although Xie filed a Motion to Quash with this Court *pro se*, she is represented by
counsel in the DDC Action. She followed this same tactic in opposing a subpoena in the
Eastern District of Virginia.

Firm:46375607v2

May 19, 2015); *Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011) ("No requirement of relevance is included in the text of Rule 45; however, it is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure.")

Thus, a court considering the motion to quash may, pursuant to Fed. R. Civ. P. 45(d)(3), quash any subpoena that "falls outside the scope of permissible discovery." *See* Fed. R. Civ. P. 45(d)(3); *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007). "[N]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case." *Food Lion v. United Food & Commercial Workers Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *see also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 40 (1st Cir. 2003) (quashing subpoena where purported relevance of documents was marginal and speculative).

To what end does Defendant Sklover seek information about Xie's employment with JPMC that occurred entirely after the work at issue in the alleged malpractice case? Even in the case-within-a-case of legal malpractice litigation, *see Jacobsen v. Oliver*, 451 F. Supp. 2d 181, 187 (D.D.C. 2006), Fannie Mae itself would not be entitled to obtain the enormous body of documents sought here. While discrete factual matters, such as compensation paid and dates of employment, may be subject to discovery, if not available from Xie herself, the remainder of what Sklover seeks does not inform whether that firm committed malpractice or what injury Xie allegedly suffered if it did.

Based on the overreaching and impermissible nature of Defendant's non-party subpoena, the Court should exercise its authority and quash it.

Firm:46375607v2

**B. The Subpoena Impermissibly Requires Disclosure Of Confidential, HIPAA Protected, And Privileged Documents And Information**

Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004). "Even if the information [sought] is relevant, the subpoena [ ] must still be quashed or modified if [it is] unduly burdensome or require[s] 'disclosure of privileged or other protected matter, if no exception or waiver applies.' Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv)." *Porter v. Pinkerton Gov't Servs.*, 304 F.R.D. 24, 29 (D.D.C. 2014). The claim that the documents sought contain "non-privileged, factual information" is insufficient to overcome the protection put in place by Fed. R. Civ. P. 45(d). *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 377 (D.D.C. 2011).

The subpoena here mandates that JPMC violate its duty under the Confidentiality Agreement executed in *Xie v. JPMorgan Chase Bank*, AAA Case No. 01-15-0003-7718 (*see* Pope Decl., Ex. F, ("Confidentiality Agreement" in the Arbitration)), and flout its obligations under HIPAA. Specifically, the subpoena requests JPMC employment records and correspondence which are explicitly covered under the Confidentiality Agreement, and reflect documents produced to Plaintiff as part of a confidential arbitration proceeding.[2] If disclosure of these materials must occur, appropriate protections must be

---

[2]     Xie possesses many, if not all, of the requested documents as a result of discovery in the STD Action and the Arbitration. Any documents requested beyond that which has been produced in discovery to Xie, are irrelevant, confidential, protected, and/or privileged and are improperly sought.

Firm:46375607v2

placed on their use.[3]  The subpoena further demands that JPMC furnish medical records – which a JPMC benefit plan received from Xie – in direct violation of HIPAA. No authorization from Plaintiff accompanied the subpoena to allow JPMC to disclose Plaintiff's confidential medical records, which were submitted to a benefit plan (not JPMC) for a particular purpose.

Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure mandates that a court quash or modify a subpoena if it requires disclosing such confidential, protected, and privileged information.  Compliance with the document subpoena, as currently phrased, would require the disclosure of confidential, HIPAA-protected, and privileged materials. Accordingly, the subpoena directed to JPMC should be quashed in its entirety.

### C.  The Subpoena Is Unduly Burdensome

The burdensomeness of compliance with the subpoena also supports quashing it. Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena if the subpoena subjects a person or entity to undue burden – especially if that entity is a non-party.  *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984); *Concord Boat Corp.*, 169 F.R.D. at 98.  "Undue burden is determined by reference to factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Moreover, nonparty status is also relevant in considering the burden."  *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005) (internal citations omitted).

---

[3]      The parties to this action currently have a Proposed Confidentiality Order pending in the DDC Action.  *See* Pope Decl., Ex. E.

Firm:46375607v2

Here, as discussed at length above, the scope of the subpoena is clearly overbroad on its face, seeks irrelevant materials, and asks a non-party to provide information easily obtainable from a party to the action.  Defendant's thirty-three paragraph subpoena asks for the universe – with no restriction – and focuses on Xie's employment with JPMC which has no apparent relevance to the underlying action for legal malpractice in a lawsuit over Xie's employment prior to JPMC.  Relevancy and confidentiality issues aside, JPMC has already done its part in producing extensive discovery to Xie in the STD Action and the Arbitration – asking JPMC to do anything beyond that is unreasonable.

Notably, the law firmly endorses the principle of quashing a subpoena that seeks from a non-party that which the issuer may obtain directly from a party.  *See, e.g., Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100, 113 (D.D.C. 2017); *see also Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486, 492 (S.D.N.Y. 2014) ("a district court has discretion to circumscribe discovery even of relevant evidence by [and] affords additional protection for non-parties subject to a subpoena").

Accordingly, pursuant to Rule 45(d)(1), the Court should exercise its authority to quash the subpoena.  To do otherwise would impose unreasonable burdens in support of a fishing expedition into the business of a non-party to this litigation.

## II.   ANY DOCUMENTS THAT XIE TURNS OVER SHOULD BE SUBJECT TO AN APPROPRIATE PROTECTIVE ORDER

Pursuant to Rule 26, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1). Such a protective order may "deny discovery completely, limit the conditions, time, place, or topics of discovery, or limit the manner in which the confidential information is to be revealed." *Univ. of Mass. v. Roslin Inst.*, 437 F. Supp.

2d 57, 60 (D.D.C. 2006); *see also Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100, 105 (D.D.C. 2017).  Here, as discussed at length above, because Defendant's non-party subpoena seeks highly confidential, protected, and privileged documents and information, no documents can be produced absent an appropriate protective order in line with Rules 26 and 45.

## <u>CONCLUSION</u>

For the reasons set forth herein, JPMC respectfully submits that this motion to quash the non-party subpoena served upon JPMC be granted, along with any other and further relief this Court deems just and proper.

Dated:  June 14, 2018                  Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.


By: */s/ John Houston Pope*
       John Houston Pope
250 Park Avenue
New York, NY 10177
Tel: (212) 351-4500
Fax: (212) 878-8600
jhpope@ebglaw.com
Attorneys for Movant JPMC

Firm:46375607v2

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the forgoing Memorandum of Law in Support of JPMC's Motion to Quash Defendant's non-party subpoena was filed and served via ECF to the Court and via electronic mail on all counsel in the underlying civil action, at the following addresses:


*Pro se* Plaintiff: agnes2016law@gmail.com

Attorneys for Plaintiff in the DDC Action:

Attorneys for Defendants: cec@greenbergcostle.com; csg@greenbergcostle.com




By: */s/ John Houston Pope*
                    John Houston Pope

Dated:  June 14, 2018

Firm:46375607v2